IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| JACobB KLEINSCHNITZ,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>WILLIAM PHARES, in his  )<br>individual capacity,  )<br>  )<br>    Defendant.  ) | CIVIL ACTION NO.<br>1:13cv209-MHT<br>(WO) |

OPINION

Plaintiff Jacob Kleinschnitz brought this action against several defendants, including police officer William Phares, contending that they violated his rights under federal and state law when Phares arrested him.  After several claims were dismissed, Kleinschnitz v. Phares, 2013 WL 5797621 (M.D. Ala. 2013), the defendants filed a motion for summary judgment as to the remaining claims, and the magistrate judge entered a recommendation that summary judgment be granted on all claims.  This court adopted the recommendation with

respect to three of the four claims but withheld judgment as to the final claim.  Kleinschnitz v. Phares, 2015 WL 507341 (M.D. Ala. 2015).

Now before the court is the magistrate judge's recommendation that judgment be granted as to the remaining claim, Kleinschnitz's malicious-prosecution claim under Alabama law against Phares.  The court had original jurisdiction over Kleinschnitz's federal claims pursuant to 28 U.S.C. § 1331 (federal question) and accordingly has supplemental jurisdiction over the remaining state-law claim pursuant to 28 U.S.C. § 1367(a).  For the reasons that follow, the court declines to adopt the magistrate judge's recommendation and instead will dismiss the malicious-prosecution claim with leave to refile in state court.

I.  SUMMARY-JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court

shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In construing the facts, the court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. FACTUAL BACKGROUND

In May 2012, around midnight, 19-year-old Kleinschnitz started his drive home after a late night at work.  Nearby, police were responding to a robbery call.  Phares, a police officer responding to the robbery call, saw Kleinschnitz's car driving at a speed he estimated to be above the speed limit.  Lacking a description of the vehicle used in the robbery or of the suspects, Phares sped up to follow the car and

turned on his blue emergency lights when he caught up to it.

Earlier, in March or April 2012, Kleinschnitz's parents had shown him a video on Youtube.com in which former defendant Dothan Police Chief Benton had issued a public service announcement advising people that there was a person who was impersonating a police officer inducing people to pull over by driving in what appeared to be an unmarked police car and flashing blue lights behind them in traffic.  Benton advised people that, if they were being pulled over and could see that the vehicle was a marked police car, to go ahead and pull over.  If visibility was low because it was nighttime, however, and drivers could not tell whether a real police vehicle was behind them, he advised people to find a safe, populated, well-lit location to pull into before stopping.  He also said not to speed, lest the officers think that people are fleeing. Finally, he said that officers are aware that people may respond in this way, and in fact, that this

contingency is written into the department's procedural orders. YouTube.com, <u>Dothan Police Chief Greg Benton's Advice on Blue Lights Behind You</u>, uploaded on May 4, 2010, http://www.youtube.com/watch?v=xSJxDCC9Qcw (last visited Feb. 24, 2015). Phares worked for the Dothan police department at the time the chief made this announcement and presumably was among those bound by the procedural order.[1]

Kleinschnitz--not wanting to evade an actual police officer but concerned that the car behind might him not be in fact a police car--slowed to below the speed limit and waved out the window at Phares, attempting to indicate that he was not fleeing but merely looking for a place to pull over. About a minute after turning on his lights, Phares turned on his siren. About two and a half minutes after starting to follow Kleinschnitz, Phares received a description of the robbery suspects'

---

1. However, he denied having seen the procedural order (doc. no. 35-2), at 63-64, and the chief denied issuing such a procedural order, contradicting his public statement preserved on YouTube (doc. no. 35-3), at 8-13.

vehicle; based on the description, it was clear that he was not following the suspects' vehicle. Nonetheless, Phares continued to pursue Kleinschnitz. Kleinschnitz called 911 and told the dispatcher that someone was trying to pull him over, that he was not sure it was a police officer, and that he was not fleeing but instead looking for a safe, well-lit, and populated place to pull over; the area was dark. The dispatcher relayed Kleinschnitz's intentions to Phares, who continued to pursue. During the pursuit, Kleinschnitz--though driving under the speed limit--violated traffic laws. While following the dispatcher's instructions, Kleinschnitz told herthat he planned to pull into a particular gas station, and she relayed this information to Phares. When Kleinshnitz did pull over at that station, Phares and several other officers who had arrived on the scene ordered him out of the vehicle and arrested him for obstructing governmental operations, a Class A misdemeanor in Alabama. 1975

Ala. Code § 13A-10-2.[2]  After being ordered to the ground, Kleinschnitz told Phares that he had not stopped immediately because he had been uncomfortable stopping in the area.

The next day, Phares swore out a municipal-court complaint against Kleinschnitz for obstructing governmental operations but not for any traffic offenses. In that complaint, Phares swore that Kleinschnitz "refused [to give] any reason for not stopping." Later, in his deposition, Phares contradicted this sworn statement. Attachment to Plaintiff's Response to Motion for Summary Judgment (doc. no. 35-7).

Kleinschnitz demanded a trial and was acquitted of the charge. He then brought suit in this court. His

---

2. The statute provides, "A person commits the crime of obstructing governmental operations if, by means of intimidation, physical force or interference or by any other independently unlawful act, he: (1) Intentionally obstructs, impairs or hinders the administration of law or other governmental function; or (2) Intentionally prevents a public servant from performing a governmental function." 1975 Ala. Code § 13A-10-2(a).

state-law malicious-prosecution claim against Phares remains.

## III. DISCUSSION

Phares argues that he is entitled to summary judgment on the claim for malicious prosecution because he had probable cause to arrest Kleinschnitz. The magistrate judge did not decide whether Phares had probable cause for obstructing governmental operations, instead apparently relying on its finding that he had 'arguable' probable cause to grant Phares immunity.[3] Because these arguments do not resolve the case, and due to unresolved issues of state law, the court declines to adopt the recommendation.

### A. Standard for Malicious Prosecution

To maintain an action for malicious prosecution, the plaintiff must prove the following elements: "(1)

---

3. Although the recommendation does not state the explicit basis for recommending dismissal of the malicious-prosecution claim, the context suggests that the basis was a finding of arguable probable cause.

institution or continuation of an original judicial proceeding, either civil or criminal; (2) by or at the instance of the defendant; (3) termination of such proceeding in the plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceeding; and (6) injury or damage as the result of the prosecution's complaint." Kroger Co. v. Puckett, 351 So. 2d 582, 585 (Ala. Civ. App. 1977). An arrest by a police officer without probable cause may give rise to a malicious-prosecution action. See Franklin v. City of Huntsville, 670 So. 2d 848, 852-53 (Ala. 1995) (reversing summary judgment in favor of arresting officer because disputed facts existed as to whether there was probable cause for the arrest).

Phares argues that he had probable cause to arrest Kleinschnitz for obstructing governmental operations. The court finds it questionable that Phares had probable cause to arrest Kleinschnitz for obstruction of government operations. One element of this offense is that the person charged had to have intended to

9

obstruct, impair or hinder the administration of law or other governmental function. 1975 Ala. Code. § 13A-10-2(a). The information available to the officer suggested strongly that Kleinschnitz did not intend to do so: Kleinschnitz attempted to wave at Phares and signal that he was not fleeing; he slowed to below the speed limit; he called 911 and informed the dispatcher of his intent to find a safe, populated, well-lit place to pull over; and he did in fact pull into the gas station where he told the dispatcher he was going to stop. It is therefore, at the very least, questionable that Phares had a sound basis upon which to arrest Kleinschnitz for obstructing government operations.

However, under Alabama law, an arrest is valid even if there was no probable cause to arrest an individual for the particular offense for which the person was actually arrested, so long as probable cause existed to arrest the individual for *some* offense at that time. Powell v. State, 548 So. 2d 590, 600-03 (Ala. Crim.

App. 1988) (quoting United States v. Saunders, 476 F.2d 5, 7 (5th Cir. 1973) ("When an officer makes an arrest, which is properly supported by probable cause to arrest for a certain offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest.")). Phares argues that, even if he lacked probable cause to arrest Kleinschnitz for obstructing governmental operations, the arrest was still valid because it was supported by probable cause for the traffic offenses Phares saw Kleinschnitz commit.[4] In this respect, the court agrees with Phares.

B. Unresolved Issue of Criminal Complaint

The conclusion that Phares had probable cause to arrest Kleinschnitz does not resolve the case, for Phares went beyond simply arresting Kleinschnitz: he

---

4. It is not disputed that Kleinschnitz violated more than one traffic law while looking for a place to pull over safely. A police officer can arrest a driver for even minor traffic offenses. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).

also swore out a criminal complaint against Kleinschnitz, and arguably lied in that complaint by saying that Kleinschnitz gave no reason for not stopping sooner.  This presents the question of whether a malicious-prosecution claim against a police officer may be based on the institution of a criminal complaint without probable cause after an arrest supported by probable cause.

Alabama law makes clear that a private individual may be sued for filing a criminal complaint.  See Johnson v. Haynie, 414 So. 2d 946, 949 (Ala. 1982) (filing of a criminal complaint by a private citizen or entity without probable cause could be basis for a malicious-prosecution action).  In addition, an individual may be held liable for malicious prosecution under Alabama law not only for initiating a complaint, but also for continuing to prosecute or encouraging or assisting with such prosecution.

> "A cause of action for malicious prosecution is not limited to the situation where the present defendant initiated the prior proceeding; it

12

> also arises in the situation where the present defendant continued the prior proceeding without probable cause, and one can be held liable for malicious prosecution when he takes some active part in the instigation or encouraging of the prosecution. 'Tak[ing] some active part' includes advising or assisting another person to begin the proceeding and actively directing or aiding in the conduct of it."

Poff v. Hayes, 763 So. 2d 234, 241 (Ala. 2000) (internal citations and quotation marks omitted); see also Laney v. Glidden Co., 194 So. 849, 851 (Ala. 1940) ("A suit for malicious prosecution may lie, not only for the commencement of the original proceeding, but for its continuance as well."). This rule applies to both criminal and civil proceedings. Kroger, 351 So. 2d at 585 (noting that the elements of a malicious-prosecution action in Alabama include the "institution or continuation of an original judicial proceeding, either civil or criminal;" and "want of probable cause for the proceeding") (emphasis added).

Under Alabama law, then, it appears likely that, not only a private person, but an officer may be held

liable for the filing of a criminal complaint after the arrest.[5]  However, this court has been unable to find any published Alabama case squarely addressing the question.  The court is hesitant to resolve this important question of state law.

### C. Discretionary-Function Immunity

Phares has raised the defense of discretionary-function immunity under Alabama law.  What standard applies to the filing of a criminal complaint, however, is unclear.

As the magistrate judge noted, Alabama law provides for immunity from suit by state agents performing discretionary functions.  1975 Ala. Code § 6-5-338 ("Every peace officer ... shall have immunity from tort liability arising out of his or her conduct in

---

5. In this case, the validity of Phares's arrest was saved by the presence of probable cause to arrest Kleinschnitz for traffic offenses.  However, Phares did not obtain a criminal complaint based on the traffic offenses that had justified the arrest, so those offenses could not provide probable cause to support the criminal complaint.

performance of any discretionary function within the line and scope of his or her law enforcement duties."); see also Ex parte Cranman, 792 So. 2d 392 (Ala. 2000). However, "a State agent shall not be immune from civil liability in his or her personal capacity ... when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." Ex parte Butts, 775 So. 2d 173, 178 (Ala. 2000) (emphasis in original).

With regard to the arrest, the discretionary-immunity standard is clear: a police officer is immune from tort liability so long as he had "arguable probable cause" to make an arrest. Arguable probable cause exists "if officers of reasonable competence in the same circumstances and with the same knowledge would disagree as to whether probable cause existed." Borders v. City of Huntsville, 875 So. 2d 1168, 1179 (Ala. 2003). While the magistrate judge concluded that Phares had arguable probable cause to arrest Kleinschnitz for obstructing governmental

15

operations, the court has its doubts. As discussed above, one element of the offense of obstruction of government operations is intent to obstruct, impair, or hinder administration of law; and, viewing the facts known to the officer in the light most favorable to the plaintiff, as the court must at the summary-judgment stage, the court is hesitant to conclude that "officers of reasonable competence in the same circumstances and with the same knowledge would disagree as to whether probable cause existed."

In any case, it is not clear that the 'arguable probable cause' standard is the correct one to apply to Phares's filing of a criminal complaint. The court has found only two Alabama cases containing the phrase "arguable probable cause," and both apply that standard to determine tort liability for an arrest, not a criminal complaint. See <u>Borders</u>, 875 So. 2d at 1179-81 (rejecting finding of arguable probable cause); <u>see also</u> <u>Greene v. Byrd</u>, 897 So. 2d 1107, 1116 (Ala. Civ. App. 2003) (finding jury question existed as to whether

the officer had arguable probable cause to arrest the plaintiff, but not addressing whether standard applied to filing of criminal complaint). Again, the court is hesitant to wade into this unresolved area of state law.

## IV. CONCLUSION

This court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction ...." 28 U.S.C. § 1367(c)(3). In addition, federal courts should avoid "[n]eedless decisions of state law. . . both as a matter of comity and to promote justice between the parties...." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725-26 (1966). Because of the ambiguities of state law the court has identified, the court declines to exercise supplemental jurisdiction over the claim for malicious prosecution.

An appropriate judgment will be entered.

DONE, this the 24th day of February, 2015.

                               /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**